VINCENT J. MURPHY, PROSECUTOR, v. MEYER C. ELLEN-
STEIN ET AL., DEFENDANTS.

Argued October 6, 1937—Decided March 7, 1938.

Before Justices CASE and DONGES.

For the prosecutor, *Thomas L. Parsonnet, Andrew F. Zazali, Bertram A. Garrigan* and *Sidney Finkel.*

For the defendants, *James F. X. O'Brien, Simon Englander* and *Thomas M. Kane.*

The opinion of the court was delivered by

DONGES, J. Prosecutor has a rule to show cause why a *certiorari* should not issue to test the validity of all resolutions adopted by the board of commissioners of the city of Newark at the organization meeting of said board, held May 18th, 1937, upon the ground that such resolutions were not read as required by law.

From the record it appears that five commissioners were elected and, on the date of the meeting, presented themselves and were duly qualified by taking the prescribed oath. One of such commissioners was the prosecutor. He now complains that the resolutions adopted at the organization meeting are a nullity. He asserts that they were not read in full but were summarized by the clerk when they were submitted to the board for action.

The statute provides: "Every resolution or ordinance shall be reduced to writing and read before the vote is taken thereon, and the vote upon every motion, resolution or ordinance shall be taken by yeas and nays and entered in the minutes; and the minutes of each meeting so recorded shall be signed by a majority of all the commissioners and the city clerk."

From the record it appears that forty some resolutions were presented at the meeting; that the prosecutor voted upon thirty-odd resolutions, voting yea in some instances, and voting nay in a greater number of instances; and that he declined to vote in other instances. Except in the case of a resolution designating the depositories of funds, it is not asserted that he objected to the consideration of any resolution upon the ground that such resolution was not read or that he did not understand the purport of the resolution. Nor does he assert that the purport of every resolution was not fully understood by him.

In this situation we are of opinion that the prosecutor cannot now be heard to complain that the meeting is a nullity. We do not intend to determine that the provisions of the statute do not contemplate the reading in full of all ordinances and resolutions presented to the board for action, nor that the prosecutor might not have demanded such reading before being called upon to vote. We do not feel it necessary to pass upon these questions. We merely hold that, inasmuch as the prosecutor made no such demand, but continued to participate in the meeting with apparent knowledge of the matters submitted, in the public interest the organization of an important public body ought not to be now subjected to judicial inquiry for the reason urged.

The rule to show cause is discharged, without costs.